## GEO. W. JOHNSON et al. v. W. T. ANDERSON.

RESULTING TRUST. A, a minor, bargained with B for a tract of land, but the latter being unwilling to make a contract with the former on account of his age, it was agreed between them that C, the father of A, should intervene and become the contracting party in his stead. Accordingly the trade was consummated by B and C, and the land was conveyed to the latter; but the money paid for the land was furnished by A, and belonged to him.

*Held,* that these facts make out a resulting trust in favor of A, the minor, who furnished the money.

FROM MADISON.

Appeal from the Chancery Court.   HENRY J. LIV-INGSTON, Chancellor.

HAYNES & BOND for complainant.

CAMPBELL & McCORRY for defendants.

DEADERICK, J., delivered the opinion of the Court.

In December, 1869, complainants in the original bill filed their bill in the Chancery Court at Jackson, against defendant W. T. Anderson, for partition of the tract of land described in the bill, alleging that complainants and defendants were tenants in common thereof.

Defendant answered, and filed his cross-bill, denying that the complainants had any right to said land, and praying to have the title vested in himself.

The facts alleged in the cross-bill upon which relief is prayed, are, substantially, that King Anderson, the father of complainant, was of intemperate, improvident and idle habits, and very poor; that the burthen of the support of the family was cast upon complainant at an early age; that the father, in 1846, went into the Mexican war as a United States soldier and returned in 1847, and had coming to him for his services $81, which he gave to complainant to buy him a horse and some clothes, but that complainant,

Johnson v. Anderson.

having heard that one J. E. Stewart had offered a tract of seventy-five acres of land for $400, determined to invest the money in land, and applied to Stewart to purchase the land. Stewart was unwilling to contract with complainant, who was about nineteen years of age, on account of his being a minor, but agreed with him to sell or contract with his father, for him, for the land. Accordingly, the trade was made in the name of the father, and the following evidence of the sale executed and delivered to complainant:

"This is to certify that I have sold to King Anderson a tract of land containing seventy-five acres, adjoining the tract I sold to Ewell Massy, including ground lease.                    J. E. STEWART.

"Oct. 10, 1847.

"To THOS. ANDERSON."

The bill further alleges that complainant paid the $81 on the land, and at various times thereafter, between the date of this memorandum and 1856, paid the balance of the $400 and the price of twenty-five acres more, with the agreement that the title was to be made to him when the whole purchase money was paid. That the purchase money having been paid previous to 1856, his father, while intoxicated, and by mistake, procured a deed to be executed to his wife and her children, instead of to himself, contrary to the agreement, and notwithstanding he had contracted for the land and paid all the purchase money.

The bill alleges that this was done by mistake, and prays that the mistake be corrected, and that, the

father and mother both being dead, the legal title be divested out of the children and vested in complainant. The bill contains an alternative prayer for an account, and reimbursement of the purchase money, and for such other relief as he may be entitled to under the facts stated in the bill.

The answer denies that complainant paid for the land, and insists that the two sisters, Mrs. Johnson and Virginia Anderson, are equally entitled with complainant to the land.

The proof shows that complainant, W. Thos. Anderson, from the time he was fourteen years of age, was the main-stay and support of his father, mother and their infant children; that when the trade was made for the land, Mrs. Johnson was but four or five years of age, and Virginia was born afterwards, and at the date of the deed Tom, Mrs. Johnson and Virginia were all the children living; that before this land was bought the family had been living on rented land, in extreme poverty, the husband and father, King Anderson, idle and intemperate, and the son, by his work, supporting them all. When the land was bought Tom was about nineteen years of age, and moved the family on the land, where they farmed four to eight acres of cleared land, under bad fence, with a rickety cabin for their future home.

The father continued to be as idle as before, his nearest neighbors, who knew him for twenty and thirty years, never having known him to do a whole day's work. But the son, alone and unaided, cleared and fenced more land, built new and comfortable houses,

stable and other outbuildings, and in a few years had the best orchard in the neighborhood, forty acres of cleared land under good fence, with all the indications of thrift and comfort surrounding the humble home.

All this was achieved by a young man who began the struggle for bread for his intemperate and idle father, sickly mother and helpless and dependent sisters, before he was fourteen years of age. It is an honorable record.

The evidence in the cause sustains the allegations of the bill. Although the bill seems to have been framed upon the idea that the deed to the mother and children was executed by mistake, and prays, in this aspect of the case, to have the mistake corrected, yet the facts alleged show that the money and credit of complainant bought the land, and that he paid the whole of the purchase money, although the deed was taken in the name of others; and these facts constitute a resulting trust. The evidence very fully and satisfactorily establishes the truth of these allegations, and entitles the complainant to relief under his prayer for relief upon the facts stated in the bill.

The Chancellor so held, and we affirm his decree.